```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

CHARLES WILLY ALPINE,             §
TDCJ-CID NO. 1422624,             §
                                  §
          Petitioner,             §
                                  §
v.                                §     CIVIL ACTION NO. H-07-2456
                                  §
NATHANIEL QUARTERMAN,             §
                                  §
          Respondent.             §

### MEMORANDUM OPINION AND ORDER

Charles Willy Alpine, an inmate of the Texas prison system, filed this habeas action under 28 U.S.C. § 2254 contesting a 1986 felony conviction. Having reviewed the petition, available state records, and Alpine's response (Docket Entry No. 7) to the court's Order to show cause, the court finds that Alpine's habeas petition is untimely. Accordingly, this action will be dismissed under the provisions of 28 U.S.C. § 2244(d).

### I. Procedural History and Claims

Alpine was charged with aggravated assault of a peace officer. After entering a guilty plea, Alpine was found guilty and sentenced to two years' confinement. State v. Alpine, No. 444232-B (179th Dist. Ct., Harris County, Tex., July 1, 1986). No direct appeal was filed.

On May 30, 2007, more than twenty years after the date of the criminal judgment, Alpine filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.[1]  The application was forwarded to the Texas Court of Criminal Appeals, which denied relief without a written order on July 11, 2007.  Ex parte Alpine, No. 19,066-04.  See Internet Website for the Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions.  The pending federal petition for a writ of habeas corpus is considered filed on July 25, 2007, the date Alpine declared that he placed it in the prison mails.  Docket Entry No. 1, at 9; Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).  Alpine alleges that his guilty plea was unlawfully induced and that he received ineffective assistance of counsel.

This court examined the petition and made a preliminary finding that it was untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) because it had been filed more than ten years after the criminal court judgment became final.  Alpine was notified of the court's findings and was given an opportunity to file a response.  See Day v. McDonough, 126 S.Ct. 1675, 1684 (2006).  In his response (Docket Entry No. 7) Alpine reasserts his

---

[1] This court verified the filing date of the state habeas application by contacting the Harris County District Clerk's Office.

claim that his guilty plea was unlawfully induced and contends that he has been subjected to multiple punishments for the same offense in violation of the Double Jeopardy Clause.

## II.  **One-Year Statute of Limitations**

Alpine's habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged because the petition was filed after April 24, 1996, the date the AEDPA was enacted.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998).  Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding timeliness of the petition before ordering the State to use its limited resources to answer it.  See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

Alpine entered a guilty plea on July 1, 1986, and did not appeal.  Therefore, the conviction became final on July 16, 1986, the last day he could have filed a notice of appeal unless he had filed a motion for new trial.  TEX. CODE CRIM. P. ART. 44.08(b) (Vernon 1986, repealed Sept. 1, 1986) ("Notice of appeal shall be filed within 15 days after overruling of the motion or amended motion for new trial and if there be no motion or amended motion for new trial, then within 15 days after sentencing.").  See also Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003), citing Flanagan, 154 F.3d at 197.

Pursuant to the terms of the AEDPA, Alpine had one year from July 16, 1986, to file a federal habeas petition.  See Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004).  In the alternative, Alpine needed to file a state habeas application within the one-year period in order to toll it.  Flanagan, 154 F.3d at 199 n.1. Because his conviction became final before the AEDPA was enacted, Alpine is entitled to a one-year grace period (April 24, 1996, to

April 23, 1997) in which to challenge his conviction in a federal habeas action.  See Flanagan, 154 F.3d at 200 n.2.  However, his state habeas application was filed on May 30, 2007, more than ten years after the grace period expired.  Therefore, any subsequent federal habeas application would be untimely.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after the expiration of the one-year time limit did not toll the period).

Alpine's federal petition for a writ of habeas corpus was filed July 25, 2007, more than twenty years after his conviction became final and more than ten years after the expiration of the AEDPA grace period.  Therefore, it is untimely under the provisions of 28 U.S.C. § 2244(d)(1)(A).  There is no indication that Alpine was subject to any state action that impeded him from filing his petition.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final.  28 U.S.C. § 2244(d)(1)(C), (D).  Therefore, this habeas action is subject to dismissal because it is untimely.

### III.  Certificate of Appealability

A Certificate of Appealability (COA) will not be issued unless the petitioner makes "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a COA, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that Alpine has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a COA from this decision will not be issued.

### IV.  Conclusion and Order

Accordingly, the court **ORDERS** the following:

1. Alpine's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.  28 U.S.C. § 2244(d).

2. A Certificate of Appealability is **DENIED**.

3. The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the Petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 6th day of December, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE